LOCAL BANKRUPTCY FORM NO. 10

IN THE UNITED STATES BANKRUPTCY COURT     05-33857
WESTERN DISTRICT OF PENNSYLVANIA

Debtor#1: **Patrick J. Connolly**          D#1 Last Four (4) Digits of SSN: **xxx-xx-2208**

Debtor#2: _____          D#2 Last Four (4) Digits of SSN: _____

Check Here if Amended Plan _____          Bankruptcy Case Number _____

**CHAPTER 13 PLAN DATED  September 30, 2005**
**COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004**

# PLAN FUNDING

Total amount of $ **2,033.11** per month for a plan term of **60** shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ _____ | $ **2,033.11** | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |

(SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**

The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the debtor.

1. **Plan Payments are to begin no later than one month following the filing of the plan.**
2. For amended plans:
    i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
    ii.  The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
    iii. The payment shall be changed effective ___.
    iv.  The debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___.
All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

| Level One: | Unpaid filing fees. |
|---|---|
| Level Two: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees. |
| Level Three: | Post-petition utility claims. |
| Level Four: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Five: | All remaining secured, priority and specially classified claims, miscellaneous secured arrears. |
| Level Six: | Allowed general unsecured claims. |
| Level Seven: | Untimely filed unsecured claims for which the debtor has not lodged an objection. |

1. **LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor | Description of Collateral | Monthly Payment | Pre-petition Arrears to be Cured | Interest Rate to be Paid on Arrears |
|---|---|---|---|---|
| **GMAC Mortgage** | **151 Limerick Road Wexford, PA 15090** | 1,052.53 | (est)26,000.00 | 0% |

2. **SECURED CLAIMS PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 2) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **Household Finance** | **151 Limerick Road Wexford, PA 15090** | $294.32 | 14,006.00 | 0% |

3. **SECURED CLAIMS FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment or Pro Rata | Disbursement Level |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

Payment in accordance with the foregoing terms shall constitute full and final satisfaction of the secured claim of this creditor. Upon payment in accordance with these terms, the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

4. **SECURED CLAIMS NOT PAID DUE TO SURRENDER OR ABANDON OF COLLATERAL AND DATE TO BE SURRENDERED**
   Identify the collateral with specificity.
   **-NONE-**

5. **THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**
   **-NONE-**

6. **SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Creditor | Total Amount of Claim | Type of Tax | Rate of Interest | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

7. **PRIORITY TAX CLAIMS PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Type of Tax | Interest Rate | Tax Periods |
|---|---|---|---|---|
| **Internal Revenue Service** | 3,500.00 | **Delinquent Income Tax** | 0% | 2004 |

8. **PRIORITY SUPPORT AND ALIMONY ARREARS**

If this section is left blank, the debtor(s) expressly agree to continue paying any support and alimony arrears through existing state court orders and consent to relief from stay in favor of interested parties for the purpose of continuing wage attachment orders.

| Name of Creditor | Total Amount of Claim | Monthly payment or pro rata |
|---|---|---|
| **-NONE-** | | |

9. **ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee not to exceed ten percent of distributions.
   b. Filing fees: the balance of $__0.00__ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.
   c. Attorney fees: payable to __Shawn N. Wright__. In addition to a retainer of $__400.00__ already paid by or on behalf of the debtor, the amount of $__1,500.00__ at the rate of $__100.00__ per month.

10. **OTHER PRIORITY CLAIMS TO BE PAID IN FULL (include vehicle leases that will complete during the plan term)**

| Name of Creditor | Total Amount of Claim | Interest Rate | Statute Providing Priority Status |
|---|---|---|---|
| **-NONE-** | | | |

11. **POST-PETITION UTILITY MONTHLY PAYMENTS [limited to agreement between debtor(s) and utility]**

These payments comprise a single monthly combined payment for post-petition utilities, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the debtor will be required to file an amended plan. These payments may not resolve post-petition claims of the utility. They may require additional funds from the debtor(s) after discharge.

| Name of Creditor | Monthly Payment |
|---|---|
| **-NONE-** | |

12. **CLAIMS OF UNSECURED NONPRIORITY CREDITORS SPECIALLY CLASSIFIED**

| Name of Creditor | Principal Balance | Rate of Interest | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

13. **CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

The debtor(s) estimate that a total of $__7,974.20__ will be available for distribution to unsecured, non-priority creditors, and debtor(s) admit that a minimum of $__2,991.00__ must be paid to unsecured non-priority creditors in order to comply with the liquidation alternative test for confirmation. The estimated percentage of payments to general unsecured creditors is __51__%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. Creditors not specifically identified in Parts 1-10, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than 60 (sixty) months in order to insure that the goals of the plan have been achieved.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Should a pre-petition creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record (or the debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed, subject to the debtor(s)' successful objection.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD WILL NOT BE PAID. The responsibility for reviewing the claims and objection where appropriate is placed on the Debtor.

| | |
|---|---|
| Attorney Name and Pa. ID # | **Shawn N. Wright 64103** |
| Attorney Address and Phone | **4 West Manilla Avenue<br>Pittsburgh, PA 15220<br>(412) 920-6565** |
| Attorney Signature | **/s/ Shawn N. Wright** |
| Debtor Signature | **/s/ Patrick J. Connolly** |